*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLICATION
October 22, 2020

Plaintiff-Appellee,

v

No. 348761
Macomb Circuit Court

JOHN ABEL SESNIE,

LC No. 2018-000948-FC

Defendant-Appellant.

Before: SWARTZLE, P.J., and JANSEN and BORRELLO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of three counts of first-degree criminal sexual conduct (CSI-I), MCL 750.520b(1)(a), and seven counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a). Defendant was sentenced to 300 to 600 months' imprisonment for each count of CSC-I, and 108 to 180 months' imprisonment for each count of CSC-II. We affirm.

## I. FACTUAL BACKGROUND

This case arises out of allegations that defendant sexually abused his adopted granddaughter. During a pretrial hearing, the prosecutor informed the trial court that she intended to elicit testimony regarding sexual acts committed by defendant during a second period that the victim resided in defendant's home. The trial court determined that the prosecutor failed to provide defense counsel with proper notice of the acts committed by defendant during the second period that the victim resided in defendant's home, and, therefore, the prosecutor was prohibited from eliciting testimony regarding those acts at trial under MCL 768.27a.

At trial, the victim testified that the sexual abuse occurred during the first period in which she was residing in defendant's home with her adoptive siblings. The victim offered graphic details about the sexual abuse, and aspects of the victim's testimony were corroborated by family members. On cross-examination, defense counsel asked the victim whether she moved back into defendant's home for a second period of time, and the victim responded in the affirmative. During redirect examination, the prosecutor asked the victim whether any sexual abuse occurred during the second period that the victim resided in defendant's home, and the victim responded in the

affirmative. Defense counsel objected, and the trial court instructed the parties to refrain from eliciting any additional testimony regarding the second period in which the victim resided in defendant's home.

Ultimately, defendant was convicted and sentenced as noted above. This appeal followed.

## II. OTHER-ACTS EVIDENCE

Defendant first argues that the trial court erroneously permitted the prosecution to offer other-acts evidence under MCL 768.27a and MRE 403. We disagree.

"To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal." *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001) (citations omitted). Defendant objected to the evidence regarding sexual acts committed by defendant during the second period that the victim resided in defendant's home at a pretrial hearing and at trial, arguing that such acts were inadmissible under MCL 768.27a. Thus, defendant's assertion that the evidence was inadmissible under MCL 768.27a is preserved for appeal. Defendant did not, however, object to the evidence under MRE 403. Therefore, defendant's assertion that the evidence was inadmissible under MRE 403 is unpreserved.

This Court reviews a trial court's decision to admit or exclude evidence for an abuse of discretion. *People v Mann*, 288 Mich App 114, 117; 792 NW2d 53 (2010). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011) (citation omitted). "[A] trial court's decision on a close evidentiary question ordinarily cannot be an abuse of discretion." *People v Cameron*, 291 Mich App 599, 608; 806 NW2d 371 (2011) (citation and quotation marks omitted). "A preserved trial error in the admission of evidence does not constitute grounds for reversal unless, after an examination of the entire cause, it affirmatively appears that it is more probable than not that the error was outcome[-]determinative." *People v Solloway*, 316 Mich App 174, 192; 891 NW2d 255 (2016) (citation and quotation marks omitted).

Unpreserved claims of error are reviewed for plain error affecting a defendant's substantial rights. *People v Brown*, 326 Mich App 185, 192; 926 NW2d 879 (2019). Under a plain error analysis, "defendant must establish (1) that an error occurred, (2) that the error was plain, and (3) that the plain error affected defendant's substantial rights." *People v Kowalski*, 489 Mich 488, 505; 803 NW2d 200 (2011). An error affects a defendant's substantial rights if it affects the outcome of the lower court proceedings. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Reversal is warranted only when the plain error resulted in the conviction of an actually innocent defendant or when an error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Kowalski*, 489 Mich at 506 (citation and quotation marks omitted).

We conclude that the trial court did not abuse its discretion when it determined that evidence regarding sexual acts committed by defendant during the second period that the victim resided in defendant's home was admissible despite the trial court's pretrial order excluding the evidence under MCL 768.27a. Furthermore, the evidence was admissible under MRE 403, and,

therefore, plain error did not occur when the prosecution elicited testimony regarding sexual acts that occurred during that time period.

## A.  MCL 768.27a

MCL 768.27a provides,

> in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant.

However, if a prosecuting attorney intends to offer evidence under MCL 768.27a,

> the prosecuting attorney shall disclose the evidence to the defendant at least 15 days before the scheduled date of trial . . . including the statements of witnesses or a summary of the substance of any testimony that is expected to be offered.  [MCL 768.27a.]

In this case, during the pretrial hearing, the trial court determined that that the prosecution failed to provide the defense with written notice at least 15 days before the scheduled date of trial that it intended to present evidence that defendant had committed specific sexual acts during the second period of time that the victim resided in defendant's home.  Thus, the trial court ordered that the prosecution was prohibited from eliciting testimony regarding those acts at trial under MCL 768.27a.  We note that at this juncture, the trial court made the correct decision in precluding any other-acts evidence otherwise admissible under MCL 768.27a.

However, at trial, it was *defense counsel* who opened the door to the admission of this testimony.  When defense counsel cross-examined the victim at trial, defense counsel asked the victim whether she had moved out of defendant's home after the alleged instances of sexual abuse occurred.  When the victim responded in the affirmative, defense counsel asked the victim whether she moved back into defendant's home at a later date.  The victim again responded in the affirmative, and explained that she moved back into defendant's home for approximately 2½ months.  During redirect examination, the prosecutor asked the victim whether any sexual abuse occurred during the second period that she resided in defendant's home, and the victim said that it had.  After defense counsel objected, the trial court instructed counsel for both parties that they could not further address the issue, but the trial court did not instruct the jury to disregard the victim's testimony.

We conclude that the trial court did not abuse its discretion when, rather than engaging in curative measures, it instructed both parties that they could not further address sexual acts committed by defendant during the second period that the victim resided in defendant's home.  Not only was the other-acts evidence admissible under MCL 768.27a, notwithstanding the prosecution's failure to timely disclose its intentions of using such evidence, but defense counsel's line of questioning implicitly undermined the credibility of the victim's allegations.  By having eliciting testimony that the victim had stayed in defendant's home for a second period of time without more context, the jury could have inferred that a true victim of sexual assault would not have voluntarily moved back into their abuser's home, or the jury could have questioned why the

victim would make accusations of sexual assault during the first period of time, but not the second. Where defense counsel opened the door, the prosecution was permitted to examine the victim about the second period of time that she resided in defendant's home. Indeed, the victim did testify that sexual abuse had occurred during the second period of time she lived in defendant's home, however after the trial court precluded further testimony on the matter, the victim did not provide details of the abuse.

## B.  MRE 403

Under MRE 403, relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. In *People v Watkins*, 491 Mich 450, 487; 818 NW2d 296 (2012), the Michigan Supreme Court explained:

> [W]hen applying MRE 403 to evidence admissible under MCL 768.27a, courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect. That is, other-acts evidence admissible under MCL 768.27a may not be excluded under MRE 403 as overly prejudicial merely because it allows a jury to draw a propensity inference.

To determine whether evidence should be excluded under MRE 403 as overly prejudicial, a trial court can consider a nonexhaustive list of factors including:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Id*. at 487-488.]

In this case, the probative value of the evidence regarding other-acts committed by defendant during the second period of time that the victim resided in his home was not substantially outweighed by its prejudicial effect. The proffered other-acts evidence and the charged conduct were similar: both occurred between defendant and the victim, in defendant's home, while the victim was living there. Moreover, there was a temporal relationship between the other-acts evidence and the charged conduct. The charged conduct occurred between November 2014 and May 2015, and the other-acts occurred during the second period of time, May 2017, that the victim lived in defendant's home. These factors all speak to the probative value of the evidence, and weigh in favor of admissibility.

Comparatively, as discussed, the victim indicated, without going into any detail, that defendant had sexually assaulted her during the second period of time that she was living at defendant's home. The victim was not permitted to testify regarding the frequency of the abuse or the presence of intervening acts. These factors are therefore not relevant to the admissibility determination under MRE 403. Further, although defendant was prejudiced by his inability to challenge the victim's testimony, the prejudice was slight considering that the prosecution was also denied the opportunity to develop the evidence. Since neither party were able to develop the evidence in order to support or challenge its reliability, this factor does not weigh in favor of admissibility or inadmissibility.

Not all relevant factors weighed in favor of admissibility, and defendant did suffer some prejudice from the victim's testimony that she was sexually abused by defendant during a second period of time. However, we conclude that any prejudice suffered by defendant as a result of the victim's testimony was slight, and that the probative value of the evidence was not substantially outweighed by the danger of *unfair* prejudice. Indeed, all evidence against any defendant will beat some prejudicial effect; it is only evidence that is unfairly prejudicial that is inadmissible under MRE 403. In addition to the victim's other-acts testimony, the victim also testified that defendant favored her over her two siblings during the time they all lived with defendant, and provided extensive and explicit testimony regarding the abuse that occurred during the first period of time that the victim lived with defendant. Moreover, the victim's father and siblings provided testimony that defendant favored the victim, and that the victim told her siblings and father about the abuse. The victim's father also testified that when he confronted defendant about the victim's allegations, defendant admitted to touching the victim's breasts and genital area. Accordingly, the trial court did not plainly err by failing to instruct the jury to disregard the victim's testimony regarding other-acts evidence. The introduction of this evidence did not affect the outcome of the trial court proceedings.

## III. PROSECUTORIAL ERROR

Next, defendant argues that the prosecutor improperly vouched for the victim's credibility during closing arguments. While we agree that the prosecutor's statements during closing arguments were improper, we cannot conclude that these improper statements affected the outcome of the trial court proceedings. As such, reversal is not warranted.

"In order to preserve an issue of prosecutorial [error], a defendant must contemporaneously object and request a curative instruction." *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Defense counsel did not object to the prosecution's statements or request a curative instruction when the prosecution allegedly vouched for the victim's credibility. Thus, this issue is unpreserved.

Unpreserved claims of error are reviewed for plain error affecting a defendant's substantial rights. *Brown*, 326 Mich App at 192. Under a plain error analysis, "defendant must establish (1) that an error occurred, (2) that the error was plain, and (3) that the plain error affected defendant's substantial rights." *Kowalski*, 489 Mich at 505. An error affects a defendant's substantial rights if it affects the outcome of the lower court proceedings. *Carines*, 460 Mich at 763. Reversal is warranted only when the plain error resulted in the conviction of an actually innocent defendant or when an error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Kowalski*, 489 Mich at 506 (citation and quotation marks omitted).

The test for prosecutorial error is whether a defendant was denied a fair and impartial trial. *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). "Generally, prosecutors are accorded great latitude regarding their arguments, and are free to argue the evidence and all reasonable inferences from the evidence as they relate to their theory of the case." *People v Seals*, 285 Mich App 1, 22; 776 NW2d 314 (2009). "A prosecutor may not vouch for the credibility of his witness by implying that he has some special knowledge of their truthfulness." *People v Thomas*, 260 Mich App 450, 455; 678 NW2d 631 (2004). "But a prosecutor may comment on his own witnesses' credibility during closing argument, especially when there is conflicting evidence

and the question of the defendant's guilt depends on which witnesses the jury believes." *Id*. Similarly, "the prosecutor may argue from the facts that a witness should be believed." *Seals*, 285 Mich App at 22 (citation and quotation marks omitted). This Court "consider[s] issues of prosecutorial [error] on a case-by-case basis by examining the record and evaluating the remarks in context, and in light of defendant's arguments." *Thomas*, 260 Mich App at 454 (citation omitted).

During closing arguments, the prosecutor made several comments about the victim's credibility. First, the prosecutor made several comments regarding the victim's motivation for disclosing the sexual abuse committed by defendant: the prosecutor argued that the victim had no reason to lie by highlighting the difficulties associated with disclosing sexual abuse. However, the prosecutor likely made these statements in response to defense counsel's assertion that the victim was lying because she did not wish to reside with her grandparents or because the victim was attempting to gain her mother's approval. Considered in context, the prosecutor's statements were responsive in nature and not improper.

Second, the prosecutor also made several remarks regarding the consistency of the victim's allegations throughout the course of her testimony. In doing so, the prosecutor asserted that the victim's credibility was bolstered by her consistent account of the instances of sexual abuse. In general, "the prosecutor may argue from the facts that a witness should be believed." *Seals*, 285 Mich App at 22 (citation and quotation marks omitted). Thus, the prosecutor's general assertions regarding the consistency of the victim's testimony were not improper.

However, we conclude that the prosecutor did improperly vouch for the victim's credibility when she stated, "Ladies and Gentlemen, as counsel agrees, which I completely agree, when you're truthful, the story remains consistent. It's when you become untruthful, the inconsistencies happen and, Ladies and Gentlemen, you got believe me [sic], an attorney of 40 years of this stature." The prosecutor's statement was not based upon the evidence presented at trial. Instead, the prosecutor was imploring the jury to believe her opinion regarding the victim's truthfulness based upon the prosecutor's years of experience. In doing so, the prosecutor improperly vouched for the victim's credibility by implying that she had some special knowledge of the victim's truthfulness. This statement was improper.

Nevertheless, a new trial is not warranted in this case because the prosecutor's comment was not outcome-determinative, and because a curative instruction, if requested, would have alleviated any prejudice. Before deliberations began, the trial court instructed the jury that it was to determine the credibility of the witnesses, it may only consider the evidence that has been properly admitted, and statements and arguments made by the attorneys are not evidence. "Jurors are presumed to follow their instructions[.]" *Kowalski*, 492 Mich at 130 n 56 (citation and quotation marks omitted). Thus, it may be presumed that the jury did not consider the prosecutor's improper statement vouching for the victim's credibility during its deliberations. Furthermore, it cannot be assumed that the prosecutor's improper statements affected defendant's substantial rights. Again, the victim's testimony included graphic details of sexual abuse that occurred during the period of time that the victim lived in defendant's home, and portions of the victim's testimony were corroborated by other witnesses. Accordingly, the prosecutor's isolated improper statement did not affect the outcome of the proceedings, and reversal is not warranted.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, defendant argues that he received ineffective assistance of counsel where defense counsel failed to object to improper statements made by the prosecutor during closing arguments. We conclude that although defense counsel's failure to object fell below an objective standard of reasonableness and was born of sound trial strategy, defendant was not prejudiced by defense counsel's deficient performance, and therefore he is not entitled to relief.

In order to preserve the issue of effective assistance of counsel for appellate review, the defendant must make a motion in the trial court for a new trial or for an evidentiary hearing. *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000). A claim of ineffective assistance of counsel is preserved if an evidentiary hearing was held in accordance with *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973). *People v Cooper*, 309 Mich App 74, 79; 867 NW2d 452 (2015). Defendant did not make a motion in the trial court for a new trial or for an evidentiary hearing, and an evidentiary hearing was not held in accordance with *Ginther*, 390 Mich at 443. Therefore, defendant's claims is limited to mistakes apparent on the record. *People v Johnson*, 315 Mich App 163, 174; 889 NW2d 513 (2016).

"Whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law[.]" *Id*. (citation omitted). A trial court's findings of fact, if any, are reviewed for clear error, while questions of constitutional law are reviewed de novo. *Id*. A trial court's finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made. *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014).

A defendant seeking relief based upon a claim of ineffective assistance of counsel bears the burden of showing "(1) that trial counsel's performance was objectively deficient, and (2) that the deficiencies prejudiced the defendant." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018) (citation omitted). "A counsel's performance was deficient if it fell below an objective standard of professional reasonableness. The performance prejudiced the defense if it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different." *People v Fyda*, 288 Mich App 446, 450; 793 NW2d 712 (2010). There is a strong presumption that counsel's conduct fell within a wide range of professional assistance. *People v LeBlanc*, 465 Mich 575, 578; 640 NW2d 246 (2002). Thus, defendant must overcome the strong presumption that the challenged action might be considered sound trial strategy. *Id*. "This Court will not substitute [its] judgment for that of counsel on matters of trial strategy, nor will [this Court] use the benefit of hindsight when assessing counsel's competence." *Cooper*, 309 Mich App at 80.

Defendant argues that defense counsel should have objected after the prosecutor improperly vouched for the victim's credibility during closing arguments because the entire case hinged on the victim's credibility, and we agree. Additionally, we cannot conclude that defense counsel's failure to object was a trial strategy. The victim's credibility was critical to the prosecution's case; in fact, defense counsel attempted to discredit the victim during closing arguments. Thus, it is difficult to articulate a reason why defense counsel failed to object when the prosecutor improperly vouched for the victim's credibility. Thus, we conclude that defense counsel's performance fell below an objective standard of reasonableness in that regard.

However, we cannot conclude that defendant was prejudiced by defense counsel's error, or that a timely objection would have affected the outcome of defendant's trial. A defendant is able to show he was prejudiced by defense counsel's deficient performance if he can show that it is reasonably probable that, but for defense counsel's error, the result of the proceeding would have been different. *Fyda*, 288 Mich App at 450. Defendant cannot make such a showing. The victim explained in graphic detail the sexual abuse that occurred during the period she resided in defendant's home, and portions of the victim's testimony were corroborated by other witnesses. The victim's father even testified that defendant had admitted to inappropriately touching the victim. Therefore, it is not reasonably probable that the outcome of the proceedings would have differed if defense counsel objected when the prosecutor improperly vouched for the victim's credibility.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kathleen Jansen
/s/ Stephen L. Borrello